IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:16-cr-00331-CCB |
| | | 1:21-cr-00145-CCB |
| TYRELL BRANCH | : | |

## MEMORANDUM AND ORDER

On November 28, 2016, Defendant was sentenced by this Court to a period of incarceration, followed by probation, after pleading guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. §922(g). (CCB-16-331, ECF No. 29). Of note, Defendant was on state supervision following a state handgun conviction at the time of his federal conviction.

After beginning his federal supervision, Defendant violated his conditions of release twice, the second of which included the conduct leading to a second federal indictment for another alleged violation of 18 U.S.C. §922(g) (CCB-21-145), and lead to his detention pending a hearing on the violation. (CCB-16-331, ECF No. 46).

As a result of the second federal indictment, Defendant was ordered detained following a detention hearing on January 13, 2022, based on danger to the community. (CCB-21-145, ECF No. 34). In reaching that decision, the Court noted, *inter alia*, Defendant's poor performance on community supervision (including being on federal supervision at the time of the conduct alleged), and three prior convictions for firearms-related offenses. Id.

On June 13, 2022, Defendant filed a request to reopen his detention hearing pursuant to 18 U.S.C. §3142(f), which grants the Court authority to revisit the issue of detention based on information that was not known at the time of the detention hearing that would have a material bearing on the issue of release. (ECF No. 53). The new information proffered by Defendant is that his familial situation has significantly changed in that his partner is unable to find childcare for her two young children such that she is unable to find and maintain employment and has incurred significant economic hardship. Id. Defendant argues that if he were to be released, he could provide childcare, enabling his partner to find employment and avoid further harm to his family's financial well-being. The Government opposes release. (ECF No. 54).

The Court has no reason to question Defendant's proffer and is greatly sympathetic to Defendant's family situation. However, the Court does not find that these circumstances meet the requirements of Section 3142(f). First, the Court does not find that this information was not known at the time of Defendant's January 13, 2022 hearing. According to Defendant, the lack of childcare was occasioned by the death of his partner's mother "last year," and that her economic challenges (including evictions) have occurred "since August 2021." Even accepting that those challenges have significantly worsened since the detention hearing of January 13, 2022, the Court does not find that they are material to whether release conditions can reasonably assure community safety. They do not outweigh Defendant's three prior firearms convictions, nor his extremely poor performance on community supervision, including the federal supervision which he now seeks. Though one might argue in the appropriate case that one's family situation could encourage compliance with release conditions, the presence of two young children (now ages 2 and 5) in Defendant's life pre-dates the most recent charge, demonstrating that such considerations have not proved sufficient to date to ensure compliance or avoid serious criminal conduct. Moreover, the Court is not reassured that his partner, as proposed third-party custodian, would be in a position to provide the required supervision if she were employed outside the home.

Accordingly, Defendant's request is **DENIED**.

<u>June 21, 2022</u>
Date

_____
J. Mark Coulson
United States Magistrate Judge

